**FILED**

JAN 29 2010

Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

James Cole,

    Plaintiff,

    v.

United States Dep't of Justice et al.,

    Defendants.

Civil Action No.   **10 0175**

## MEMORANDUM OPINION

Plaintiff James Cole has filed an application to proceed in forma pauperis and a pro se complaint. The application will be granted and the petition will be dismissed.

Cole is a prisoner serving a life sentence without possibility of parole. He has styled this complaint as one challenging agency inaction in violation of the Administrative Procedure Act, 5 U.S.C. § 706. Compl. at 1. According to the complaint, then-Special Agent Willie Haynes "was able to convince" a "psychotic crack abuser to implicate" the plaintiff in a "massive cocaine trafficking scheme," and to testify against the plaintiff at trial. *Id.* at 2 (spelling altered). Apparently, plaintiff filed a complaint against Haynes with the Department of Justice, which was "dismissed." *Id.* at 3. "Plaintiff believes that his ... right to be heard has been violated by the Department taking no action against Mr. Haynes or giving plaintiff a complete explanation of why plaintiff's complaint cannot go further ...." *Id.* Ostensibly challenging the Department's decision, the complaint seeks relief that would exonerate the plaintiff of the crime for which he was convicted. Specifically, the complaint seeks, among other things, a declaration that "James

3

Cole was falsely implicated in a drug trafficking scheme," and that Haynes provided false evidence against the plaintiff in relation to the criminal charges brought. *Id.* at 4.

Despite the manner in which the plaintiff has styled his complaint, the relief sought reveals that it is essentially a collateral attack on the plaintiff's criminal conviction and sentence. *See McLean v. United States,* No. 90-318, 2006 WL 543999, at *1 (D.D.C. Mar. 3, 2006) (noting that a court must determine the proper characterization of a filing by the nature of the relief sought) (citing *Castro v. United States,* 540 U.S. 375, 381-82 (2003)). Federal law provides that a prisoner in custody under sentence imposed by a federal court may collaterally attack that conviction and sentence by motion to the court that imposed the sentence. 28 U.S.C. § 2255(a); *Ojo v. Immigration & Naturalization Service,* 106 F.3d 680, 683 (5th Cir.1997) (the sentencing court is the only court with jurisdiction to hear defendant's complaint regarding errors that occurred before or during sentencing); *see also Taylor v. United States Board of Parole,* 194 F.2d 882, 883 (D.C. Cir. 1952) (attack on the constitutionality of the statute under which defendant was convicted and sentenced is properly pursued by motion under 28 U.S.C. § 2255). As this court did not impose the judgment of conviction and commitment, it is without jurisdiction to entertain this collateral attack on plaintiff's conviction. Accordingly, this complaint, construed as a collateral attack on the plaintiff's conviction, will be dismissed without prejudice for lack of subject matter jurisdiction.

A separate order of companies, this memorandum opinion.

Date: Jan. 22, 2010

United States District Judge